## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PATRICIA PICKETT**                                     **CIVIL ACTION NO.**

**VERSUS**                                               **20-482-SDD-EWD**

**HUDSON INSURANCE COMPANY,**
**ET AL.**

### NOTICE AND ORDER

This is a civil action involving claims for damages asserted by Patricia Pickett ("Plaintiff")

based upon the injuries she allegedly sustained on August 24, 2019 in a motor vehicle accident

(the "Accident") that occurred in East Baton Rouge Parish when Pickett's car was rear-ended by

the tractor trailer owned or leased by Defendant Roadmasters Power Transport, LLC

("Roadmasters") and/or Defendant Haight Trucking, LLC ("Haight"), which vehicle was driven

by Defendant Brian Wilson ("Wilson"), while Wilson was in the course and scope of his

employment (or joint venture) with Roadmasters and/or Haight.[1]  On June 20, 2020, Plaintiff filed

her Petition for Damages ("Petition") against Wilson, Roadmasters, Haight, Defendant Hudson

Insurance Company ("Hudson") as the liability insurer of the tractor trailer, and State Farm Mutual

Automobile Insurance Company ("State Farm") as her uninsured/underinsured motorist ("UM")

carrier in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2]  In the

Petition, Plaintiff alleges that she suffered personal injuries due to the negligence of Wilson,

Roadmasters and/or Haight in causing the Accident, which necessitated medical treatment and

---

[1] R. Doc. 1-1, ¶¶ II-VI.
[2] R. Doc. 1-1, ¶¶ I, XI-XII.

caused damages for which all Defendants are jointly liable.[3]  Plaintiff also alleges that she made

demand on State Farm for UM payments, to no avail.[4]

On July 28, 2020, Roadmaster, Haight, and Hudson ("Removing Defendants") removed

the matter to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. §

1332.[5] The Notice of Removal makes the following allegations regarding the citizenship of the

parties:

### a. Plaintiff Is a Citizen of Louisiana.

15.

Defendants believe Plaintiff to be a resident of Louisiana as attempts were
made to resolve Plaintiff's claim prior to the Petition being filed. During pre-
litigation discussions, a Medicare Louisiana Form was given to undersigned
counsel, the address listed for the Plaintiff was 421 20th Ave, Franklinton,
Louisiana 70438.[6]

### b. Hudson Insurance Company is Not a Citizen of Louisiana.

16.

Defendant **Hudson Insurance Company**, at all times applicable was and is a
citizen of a State other than Louisiana within the meaning of 28 U.S.C. §
1332(c)(1). Defendant is a company organized and maintaining its principal
place of business in New York. Attached as part of the appendix is the New
York Department of State, Business Portal for **Hudson Insurance Agency,
Inc**. (Exhibit B pg. 4).[7]

### c. Roadmasters Power Transport, LLC is Not a Citizen of Louisiana.

17.

Defendant **Roadmasters Power Transport, LLC**, at all times applicable was
and is a citizen of a State other than Louisiana within the meaning of 28 U.S.C.
§ 1332(c)(1). Defendant is a company organized and maintaining its principal

---

[3] R. Doc. 1-1, ¶¶ I, VII-X.
[4] R. Doc. 1-1, ¶ XIII.
[5] R. Doc. 1, introductory paragraph and ¶¶ 11, 14.  State Farm has consented to removal.  R. Doc. 1-5.  It is unclear whether Wilson has been served.  R. Doc. 1-1, p. 3.
[6] R. Doc. 1, ¶ 15 *and see* Petition at R. Doc. 1-1, introductory paragraph, alleging Plaintiff is a "resident" of Louisiana.
[7] R. Doc. 1, ¶ 16. As proof of Hudson's principal place of business, Removing Defendants have attached a business record from the New York Department of State, Division of Corporations for "Hudson Insurance Agency, Inc." R. Doc. 1-2, p. 5. However, the entity named by Plaintiff herein is "Hudson Insurance Company."  In any case, Defendants have adequately alleged that the named entity's, (Hudson Insurance Company's), place of incorporation and principal place of business is in New York.

place of business at 1201 Highway 175 West, Athens, Texas. (Exhibit B pg. 1).[8]

**d. Haight Trucking, LLC is Not a Citizen of Louisiana.**

17. (sic, 18.)

Defendant **Haight Trucking, LLC**, at all times applicable was and is a citizen of a State other than Louisiana within the meaning of 28 U.S.C. § 1332(c)(1). Defendant is a company organized and maintaining its principal place of business at 124 Leta Lane, Hot Springs, Arkansas 71913. (Exhibit B pg. 3).[9]

**e. Brian Wilson is Not a Citizen of Louisiana.**

18. (sic, 19.)

Defendant, **Brian Wilson**, at all times applicable was a resident of the state of Arkansas. At the time of the incident in question, Mr. Wilson lived and resided at 1306 N. Jackson Street, Magnolia, Arkansas 71753. (Exhibit A pg. 9)[10]

**f. State Farm Mutual Automobile Insurance Company Not a Citizen of Louisiana.**

19. (sic, 20.)

Defendant **State Farm Mutual Automobile Insurance Company**, at all times applicable was and is a citizen of a State other than Louisiana within the meaning of 28 U.S.C. § 1332(c)(1). Defendant is a company organized and maintaining its principal place of business at 1 State Farm Plaza, Bloomington, Illinois 61710. (Exhibit B pg. 2).[11]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship has been adequately alleged as to Wilson (per the Petition, a domiciliary of Arkansas),[12] Hudson (a company organized in and with its principal place of business in New York) and State Farm (a company organized in and with its principal place of business in Illinois), and the amount

---

[8] R. Doc. 1, ¶ 17, *and see id.* at ¶ 4, alleging Roadmasters is a "resident of Texas" with a principal place of business in Texas. *See also* R. Doc. 1-2, p. 1.

[9] R. Doc. 1, ¶ 17 (sic, 18) *and see id.* at ¶ 5 alleging Haight is a "resident" of Arkansas with a principal place of business in Arkansas. *See also* R. Doc. 1-2, p. 4.

[10] R. Doc. 1, ¶ 18 (sic, 19) *and see id.* at ¶ 3 alleging Wilson is a "resident" of Arkansas. *But see* Petition at R. Doc. 1-1, ¶ I, properly alleging Wilson is domiciled in Arkansas.

[11] R. Doc. 1, ¶ 19 (sic, 20) *and see* R. Doc. 1-2, p. 3.

[12] Petition at R. Doc. 1-1, ¶ I, properly alleging Wilson is domiciled in Arkansas.

in controversy appears to be met.[13]  However, citizenship is unclear as to Plaintiff, and has not been adequately alleged with respect to Roadmasters and Haight in the Notice of Removal.

With respect to Plaintiff, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[14]  Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[15]  Thus, to properly allege the citizenship of an individual, a party must identify the individual's *domicile*. The Notice of Removal subheading "**a. Plaintiff Is a Citizen of Louisiana**" sufficiently alleges that Plaintiff is a Louisiana citizen; however, Removing Defendants then muddy the waters with residency allegations as to Plaintiff in the substantive paragraph immediately below it.  To properly allege the citizenship of an individual, a party must identify the individual's *domicile*. Accordingly, Removing Defendants must properly identify the domicile of Plaintiff.

With respect to Roadmasters and Haight, they are both generally pled as being "companies," and the Notice of Removal identifies their places of incorporation and principal places of business.[16]  However, their names imply that they are limited liability companies ("Roadmasters Power Transport, **LLC**" and "Haight Trucking, **LLC**. ") If they are actually limited liability companies (as their names and business records suggest),[17] then for purposes of diversity,

---

[13] *See* R. Doc. 1, ¶¶ 20-21 (sic, 21-22)  *citing*  Plaintiff's January 24, 2020 demand letter at R. Doc. 1-3, pp. 2-3 for policy limits, alleging \$53,231.19 in past medicals for treatment including multiple MRIs, x-rays, a lumbar medial "block branch" of the right side and radio frequency ablation ("RFA") of both sides, as well as a cervical medial block branch of both sides and several RFAs.  *See also* the itemization of medical expenses attached to the demand letter at R. Doc. 1-3, p. 4, which reflects \$64,836.38 in past medical expenses as of January 21, 2020.   Plaintiff's Petition alleges Plaintiff sustained injuries to her neck and back and claims past and future mental anguish, physical suffering, loss of enjoyment of life, medical expenses, and loss of earnings, *etc.* R. Doc. 1-1, ¶ X. Plaintiff also asserts that her damages exceed the minimum requirements for trial by jury in Louisiana state courts. R. Doc. 1-1, ¶ XIV.
[14] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[15] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).
[16] R. Doc. 1, ¶¶ 17-18.
[17] R. Doc. 1, ¶¶ 17-18 and R. Doc. 1-2, pp. 2, 4.

"the citizenship of a limited liability company is determined by the citizenship of all of [their] members."[18]  Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.  *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).[19]

Additionally, Removing Defendants' negative citizenship allegations in the subheadings, *e.g.*, "b. Hudson Insurance Company is Not a Citizen of Louisiana," (and as to all of the other Defendants) is insufficient to establish citizenship.[20]  "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'"[21]  Accordingly, Removing Defendants Roadmasters and Haight must properly identify their own citizenships.[22]

---

[18] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[19] 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).

[20] *Truxillo v. American Zurich Ins. Co.*, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016) (*citing Constance v. Austral Oil Explorations Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013)).

[21] *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259 (5th Cir. 2008) (*quoting Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[22] If Roadmasters and Haight are corporations, then their citizenships are properly pled, because, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business."  28 U.S.C. § 1332(c).  *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").[22]  However, if these Defendants are corporations, Removing Defendants must revise their removal allegations to reflect that they are corporations and not limited liability companies.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the parties are completely diverse.[23]

Furthermore, review of the exhibits attached to the removal papers reflects that Removing Defendants' Exhibit B, "Principal Places of Business," and Exhibit C, "Upton Demand Letter,"[24] contain incorrect court and case captions in violation of Fed. R. Civ. P. 10(a), and fail to provide the information required by Local Rule 10(a)(2), which Removing Defendants shall be ordered to correct.

Accordingly,

**IT IS ORDERED** that, on or before **August 13, 2020,** Defendants Hudson Insurance Company, Roadmasters Power Transport, LLC and Haight Trucking, LLC, shall file a motion to substitute their Notice of Removal[25] with a proposed pleading that is a comprehensive amended Notice of Removal (*i.e.*, includes all of Defendants' numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case and which will become the operative Notice of Removal in this matter without reference to any other document in the record.

**IT IS FURTHER ORDERED** that, on or before **August 13, 2020,** Defendants Hudson Insurance Company, Roadmasters Power Transport, LLC and Haight Trucking, LLC, shall file a motion to substitute their currently-filed Exhibits B and C[26] to the Notice of Removal with exhibits

---

[23] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[24] R. Docs. 1-2 and 1-3.
[25] R. Doc. 1.
[26] R. Docs. 1-2 and 1-3.

that contain the correct court and case caption, docket number, and the initials of the judges assigned as required by Fed. R. Civ. P. 10(a) and Local Rule 10(a)(2).

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on August 3, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**